**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000447
06-JUN-2017
08:41 AM**

NO. CAAP-15-0000447

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., Successor by merger to BAC Home Loans
Servicing, LP fka Countrywide Home Loans Servicing, LP,
Plaintiff-Appellee,
v.
DIANNA NALANI KUPAHU,
Defendant-Appellant
and
HALE AUPUNI COMMUNITY ASSOCIATION,
Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2882)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Dianna Nalani Kupahu (**Kupahu**)
appeals *pro se* from the May 21, 2015 "Order Denying Defendant
Dianna Nalani Kupahu's Counter Motion for Summary Judgment Filed
on February 9, 2015" (**Order Denying Counter Motion for Summary
Judgment**), entered by the Circuit Court of the First Circuit
(circuit court)[1], in favor of Plaintiff-Appellee, Bank of
America, N.A., Successor by Merger to BAC Home Loans Servicing,
LP fka Countrywide Home Loans Servicing, LP (**BANA**).

On appeal, Kupahu contends that (1) the Hawai'i Supreme
Court violated Kupahu's due process right by not issuing a
mandamus; (2) the Intermediate Court of Appeals violated Kupahu's

---

[1] The Honorable Bert I. Ayabe presided.

due process right by not ordering the circuit court judge to issue a final judgment; (3) the circuit court erred by not issuing a final judgment; and (4) the circuit court erred by failing to review Kupahu's receipts of payment towards her loan.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kupahu's points of errors as follows, and affirm.

In regards to points of error one through three, it appears Kupahu is requesting an order that the circuit court enter an appealable final judgment on the October 2, 2013 "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed May 2, 2013" (**Summary Judgment/Foreclosure Decree**) issued by the circuit court. However, as stated in this court's April 20, 2016 "Order Denying March 8, 2016 Motion to Dismiss Appeal for Lack of Appellate Jurisdiction," the circuit court entered a judgment (**Foreclosure Judgment**) pursuant to the Summary Judgment/Foreclosure Decree on October 2, 2013, from which Kupahu failed to timely appeal. Therefore, these points of error are without merit.

Additionally, we find Kupahu's fourth point of error is also without merit. This court has construed Kupahu's February 9, 2015 "Counter Motion for Summary Judgment" as a non-conforming post-judgment Hawaiʻi Rules of Civil Procedure (HRCP) Rule 60(b) motion for relief (**Rule 60(b) Motion**) from the October 2, 2013 Foreclosure Judgment from which she timely appealed. In Kupahu's Rule 60(b) Motion, she argues *inter alia*, that BANA lacked standing to prosecute the foreclosure action based on a purported forensic audit report and that Kupahu was current on her loan payments, and therefore, was not in default of her loan. However, the unsworn "expert opinion" and other exhibits provided did not establish that she was not in default. Furthermore, on appeal, Kupahu makes no argument warranting a conclusion that the circuit court abused its discretion in denying relief under any sub-section of HRCP 60(b) and, upon careful review of the record,

2

we find none.

Accordingly, the circuit court's May 21, 2015 "Order Denying Defendant Dianna Nalani Kupahu's Counter Motion for Summary Judgment Filed on February 9, 2015" is affirmed.


DATED:  Honolulu, Hawai'i, June 6, 2017


On the briefs:

Dianna Nalani Kupahu
Defendant-Appellant.

David B. Rosen,
David E. McAllister and
Justin S. Moyer
(Aldridge Pite LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge